McGLINCHEY STAFFORD
Sanford P. Shatz (SBN 127229)
Omomah I. Abebe (SBN 306079)
18201 Von Karman Avenue, Suite 350
Irvine, California 92612
Telephone:   (949) 381-5900
Facsimile:   (949) 271-4040
Email:       sshatz@mcglinchey.com
             oabebe@mcglinchey.com

Benjamin Lajoie (MA Bar No. 693715)
*Pro Hac Vice*
One Beacon Street, Suite 16100
Boston, Massachusetts 02108
Telephone:   (857) 453-7153
Facsimile:   (617) 830-8238
Email:       blajoie@mcglinchey.com

Attorneys for *Defendants* Hedonova LLC, and Hedonova Advisors LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Case No.: 2:24-cv-05293-AB-E |
| Plaintiff, | **DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| HEDONOVA LLC, and HEDONOVA ADVISORS LLC | |
| Defendants. | |

Defendants Hedonova LLC ("Hedonova") and Hedonova Advisors LLC ("Advisors" and collectively "Defendants")[1] hereby file this Amended Answer to the Complaint and Demand for Jury Trial (the "Complaint") filed by Plaintiff United States Securities and Exchange Commission ("Plaintiff" or "SEC") as follows:

///

///

---

[1] Or as otherwise corresponding to the language used in the Complaint.

1                                                          CASE NO. 2:24-CV-05293-AB-E

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

## JURISDICTION AND VENUE

1.      The allegations in this paragraph state legal conclusions to which no response is required. To the extent further response is necessary, Defendants admit only that the SEC purports to bring this action pursuant to the provisions of the Securities Act and Advisors Act as stated.

2.      The allegations in this paragraph constitute legal conclusions to which no response is required; as such, Defendants deny the allegations in this paragraph.

3.      The allegations in this paragraph constitute legal conclusions to which no response is required; as such, Defendants deny the allegations in this paragraph.

4.      The allegations in the first two sentences of this paragraph constitute legal conclusions to which no response is required; as such, Defendants deny the allegations in the first two sentences of this paragraph. Defendants deny the characterized allegations in the third sentence of this paragraph with respect to "victims" and "violations," and as to the remaining allegations in the third sentence about what the SEC claims to have "identified thus far," Defendants lack sufficient information or belief to enable them to answer the allegations and therefore deny those allegations on this basis. To the extent further response is necessary, Defendants deny the remaining allegations in this paragraph.

## SUMMARY

5.      Defendants admit that the Hedonova website states or stated, in relevant part, "Think of Hedonova as a mutual fund for alternative assets. . . ," and "Think mutual fund, but for alternative assets. . . ," followed by additional explanatory text. Defendants further admit that Hedonova received funds from November 2021 to the present in certain specific amounts. The remaining allegations in this paragraph constitute imprecise characterizations and legal conclusions, and are vague, such that no further response is required.  To the extent further response is necessary, Defendants deny the remaining characterizations alleged in this paragraph.

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

6.    Defendants admit that Hedonova Advisors LLC was formed and/or incorporated in August 2022. Defendants further admit that Hedonova Advisors LLC caused the filing of a Form ADV on or about September 29, 2023. Stating further, there were subsequent Form ADV filing(s) caused by Hedonova Advisors LLC in 2024. The remaining allegations in this paragraph constitute legal conclusions to which no response is required. To the extent further response is deemed necessary, Defendants deny the allegations in this paragraph.

7.    Defendants admit that the three individuals listed in paragraph 7 appear on Hedonova Advisor LLC's Form ADV. The allegations in the first two sentences of this paragraph refer to a document which speaks for itself, and therefore no further response is required. To the extent further response is needed as to the aforementioned sentences, Defendants deny those allegations to the extent the characterizations in paragraph 7 differ from the precise statements appearing in the Form ADV referenced. Defendants admit that individuals listed are located outside of the United States, and that they did not appear in-person in the United States in connection with the pre-suit investigation referenced. Any remaining allegations are imprecise characterizations and legal conclusions to which no further response is required.

8.    Defendants deny their engagement in the alleged "fraudulent investment scheme" or that it is "ongoing." Defendants admit that, in 2024, Hedonova's website was publicly available by that date, Hedonova received funds as recently as that date, and Hedonova Advisors sent reports to investors, including at least one such report as recently as the date stated. Any remaining allegations are imprecise characterizations and legal conclusions to which no further response is required.

9.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

///

3    CASE No. 2:24-CV-05293-AB-E

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

10.    Defendants admit that the SEC "brings this action" for the alleged violations of federal securities laws. To the extent further response is deemed necessary, Defendants deny the allegations in this paragraph.

11.    Defendants admit that the SEC "seeks" to enjoin Defendants in this action from the alleged violations of federal securities laws and "seeks" the remedies listed. To the extent further response is deemed necessary, Defendants deny the allegations in this paragraph.

## THE DEFENDANTS

12.    Defendants admit that Hedonova LLC was formed and/or incorporated in April 2021, as a Delaware limited liability company, and that in or around September 2023, it was domesticated in Idaho. Defendants further admit that Hedonova LLC currently lists its "Principal Address" as in Meridian, Idaho, and maintains a presence, including mailing address, in Dover, DE. Defendants further admit that it has done "business" in California, among other places, and that a California state administrative action, along with a related desist and refrain order, was filed in May 2024 related to security investments against Hedonova LLC and two others, but not Hedonova Advisors LLC. Stating further, that administrative action is not closed, and the defendants therein have indicated their intention to defend the allegations. Further, the last sentence of paragraph 12 refers to a document which speaks for itself, and therefore no further response is required. To the extent further response is needed as to the aforementioned sentence, Defendants deny those allegations to the extent the characterizations differ from the precise statements appearing in the document referenced. To the extent further response is deemed necessary, Defendants deny the allegations as imprecise characterizations and legal conclusions to which no further response is required.

13.    Defendants admit that Hedonova Advisors LLC caused to be filed a Form ADV on September 29, 2023 and March 29, 2024, among other filings, registering it

CASE NO. 2:24-CV-05293-AB-E
**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

with the SEC, and that Hedonova LLC, among others, was listed as a "private fund" therein. The allegations in the last two sentences of this paragraph refer to a document which speaks for itself, and therefore no further response is required. To the extent further response is needed as to the aforementioned sentences, Defendants deny those allegations to the extent the characterizations in paragraph 13 differ from the precise statements appearing in the Form ADVs. Defendants further admit that Hedonova Advisors LLC was formed and/or incorporated in August 2022 under the laws of Delaware. The first three sentences of this paragraph contain legal conclusions to which no response is required; as such, Defendants deny those allegations for this reason except insofar as stated above.

**FACTS**

14.    The allegations in this paragraph constitute legal conclusions to which no response is required; as such, Defendants deny the allegations for this reason.

15.    The allegations in this paragraph constitute legal conclusions to which no response is required; as such, Defendants deny the allegations for this reason.

16.    The allegations in this paragraph constitute legal conclusions to which no response is required; as such, Defendants deny the allegations for this reason.

17.    The allegations in this paragraph constitute legal conclusions, as to "solicited," to which no response is required. To the extent a response is deemed necessary, Hedonova Fund permitted minimum investments in the amounts stated during certain periods. Defendants deny any remaining allegations in this paragraph.

18.    The allegations in this paragraph include embedded legal conclusions, as to "informed investors,"  to which no response is required. To the extent a response is deemed necessary, Hedonova Fund made such statements during certain periods. Defendants deny any remaining allegations in this paragraph.

19.    The allegations in this paragraph constitute legal conclusions, as to "solicitations," to which no response is required. Defendants further lack sufficient

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

information or belief to adequately respond to the allegations in this paragraph, as to the precise reason(s) that the alleged unnamed "[i]ndividuals invested money," and therefore deny the allegations on that basis. Defendants admit the allegations that certain money invested "was pooled into accounts with an online payment processor and an online money transfer service," and that "[s]ome of the pooled investor money was subsequently transferred into Hedonova Fund accounts at various regional and online banks." Defendants deny any remaining allegations in this paragraph.

20.     Defendants admit the existence of a Form ADV. Further, the allegations in this paragraph refer to a document which speaks for itself, and therefore no further response is required.  To the extent a response is deemed necessary, Defendants deny those allegations in this paragraph to the extent the characterizations differ from the precise statements appearing in the Form ADV.

21.     Defendants admit the allegations in this paragraph.

22.     The allegations in this paragraph contain a legal conclusion as to "represented" for which no response is required. Defendants admit the existence of a PPM, dated January 2021, which contained the language quoted in this paragraph.

23.     Defendants admit the allegations in this paragraph.

24.     Defendants admit that approximately 28 investors in Hedonova reside in California. Defendants deny, upon information and belief, that 11 reside in "this district."

I.     **Defendants' Offer and Sale of Securities by Means of False and Misleading Statements.**

   A.     **False and Misleading Statements in the Hedonova Fund PPM**

25.     Defendants admit that Hedonova LLC was formed and/or incorporated in Delaware in April 2021.  Defendants further admit the existence of a private offering memorandum dated January 2021. Defendants deny the remaining allegations in this paragraph, including as to the legal conclusion "solicited."

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

26.     Defendants admit the existence of a PPM, dated January 2021. Further, the allegations in this paragraph refer to a document which speaks for itself, and therefore no further response is required.  To the extent further response is deemed necessary, Defendants deny those allegations in this paragraph to the extent the characterizations differ from the precise statements appearing in the January 2021 PPM referenced. Defendants further deny the remaining allegations as to "represents" insofar as it constitutes a legal conclusion to which no response is required.

27.     Defendants admit the existence of a PPM, dated January 2021. Further, the allegations in this paragraph refer to a document which speaks for itself, and therefore no further response is required.  To the extent further response is deemed necessary, Defendants deny those allegations in this paragraph to the extent the characterizations differ from the precise statements appearing in the January 2021 PPM referenced. Defendants further deny the remaining allegations insofar as they contain embedded legal conclusions to which no response is required.

28.     Defendants lack sufficient information or belief to adequately respond to the allegations in this paragraph, and on that basis deny the allegations.

29.     Defendants admit the existence of a PPM, dated January 2021. Further, the allegations in this paragraph refer to a document which speaks for itself, and therefore no further response is required. To the extent a response is deemed necessary, Defendants deny those allegations in this paragraph to the extent the characterizations differ from the precise statements appearing in the January 2021 PPM referenced.  The remaining allegations in this paragraph constitute legal conclusions to which no response is required; as such, Defendants deny the remaining allegations for this reason.

30.     Defendants lack sufficient information or belief as to what entity constitutes "Regional Bank D" and what documents constitute "promotional material identified by the SEC" to enable them to adequately respond to the allegations in this paragraph, and on that basis deny the allegations.

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

31.    Defendants admit the receipt of approximately $1.6 million in funds, but deny that these funds were solely from investors. Defendants further admit that funds were made either into a bank account or through an online payment processor. Defendants lack sufficient information or belief as to any remaining allegations based on the framing of the allegations.

32.    Defendants admit that Hedonova has transferred money to various entities that appear to include those generally described in the paragraph, except as qualified and specified below.  Defendants lack sufficient information or belief as to precisely what entities are referred to in this paragraph and what time period "[d]uring this period" refers to, to enable them to adequately respond to the specific allegations, and on that basis deny the same. In further answering, Defendants deny the $8,200 were to a resort in Nepal, but were rather "test transactions" with an entity prior to larger agronomy investments with that entity. Defendants further deny the allegation insofar as it implies OnlyFans is used only as an "adult performance website."  Stating further, the alleged transfer to "an account at Financial Technology Company P" appears to be merely referencing another Hedonova account.

33.    The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

**B.    False and Misleading Statements on the Hedonova.io Website and in the form ADV for Hedonva Advisors.**

34.    Defendants admit the existence of the URL alleged, and that it is generally available to the public, but deny the remaining allegations, including as to the vague characterization of "[a]t all times relevant" in this paragraph, and insofar as the allegation intimates that the information on the website remains static irrespective of time period and location of website user.

///

CASE No. 2:24-CV-05293-AB-E
**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

35.    Defendants admit that the Hedonova website states or stated, in relevant part, "Think of Hedonova as a mutual fund for alternative assets. . . ," and "Think mutual fund, but for alternative assets. . . ," followed by additional explanatory text. Defendants further admit that the Hedonova website states or stated, among other things, in relevant part, "We invest in equipment and litigation finance, international real estate, music royalties, agriculture, startups, carbon credits, and more." Further, the allegations in this paragraph refer to characterizations of statements made on the Hedonova website during an unspecified period of time. Defendants deny those allegations in this paragraph to the extent the characterizations differ from the precise statements appearing on the website.

36.    Defendants admit the allegations in the first sentence of this paragraph other than the legal conclusion "solicited," for which no response is required. Defendants admit that the website displayed a 38.78% net internal rate of return, a 53.16% compound annual growth rate and 105.27% Alpha over S&P 500. The remaining allegations refer to a website which speaks for itself. Defendants deny the remaining allegations in this paragraph to the extent the characterizations in this paragraph differ from the precise statements appearing on the website. Stating further, investments cannot be made through the website, nor does the website represent the complete source of information provided to investors or prospective investors. Stating further, investments cannot be made without the investor or potential investor first speaking/communicating with a Hedonova representative about their specific investment.

37.    The allegations in this paragraph refer to a website which speaks for itself, and therefore no response is required.  Defendants deny the allegations in this paragraph to the extent the characterizations in this paragraph differ from the precise statements appearing on the website.

///

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

38.     The first sentence of this paragraph contains legal conclusions to which no response is required. To the extent a response is necessary, Defendant deny the allegations in the first sentence of this paragraph. Defendants lack sufficient information or belief to respond to the allegations in the second sentence of this paragraph, and deny the allegations on that basis. In further answering, Defendants admit Deloitte sent Hedonova a cease-and-desist letter.

39.     Defendants admit that the California Department of Financial Protection and Innovation ("DPFI") questioned Hedonova on or about March 2023 and issued a desist and refrain order, which speaks for itself. Defendants admit the allegations in the second sentence of this paragraph. Defendants deny the allegations in the third sentence of this paragraph to the extent the characterizations differ from the precise statements in the desist and refrain order, which speaks for itself.  In further answering, the DFPI administrative action is not closed, and the Defendants intend to defend the allegations.

40.     Defendants admit the allegations in this paragraph.

41.     Defendants admit that Advisors filed a Form ADV on September 29, 2023 and March 29, 2024.  The remaining allegations in this paragraph contain legal conclusions and refer to a website which speaks for itself, and therefore no response is required.  To the extent a response is deemed necessary, Defendants deny the remaining allegations in this paragraph to the extent the characterizations differ from the precise statements in the Form ADVs.

42.     The allegations in the first sentence of this paragraph refer to documents which speak for themselves, and therefore no response is required. To the extent a response is necessary, Defendants deny the allegations in the first sentence of this paragraph to the extent the characterizations differ from the precise statements in the Form ADVs. Defendants lack sufficient information or belief to respond to the allegations in the second sentence in this paragraph and on that bases deny the allegations.

CASE NO. 2:24-CV-05293-AB-E

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

43.    Defendants lack sufficient information or belief as to what is referred to in this paragraph as "the Fund's known accounts," and deny the allegations in this paragraph on that basis.    In further answering, the Form ADVs reflect certain information of Defendants' global activity, and Defendants further deny the allegations in this paragraph to the extent it characterizes the Form ADVs as reflecting only U.S. activity.

44.    Defendants admit the allegations in this paragraph.

45.    Defendants admit the allegations in this paragraph.

46.    The allegations in this paragraph refer to a document which speaks for itself, and therefore no response is required.    Defendants deny the allegations in this paragraph to the extent the characterizations differ from the exact language in the referenced "portfolio allocation schedule." In further answering, upon information and belief, the $79,304,244 figure referenced in this paragraph reflects a typo of a missed digit (missing a zero) that should have been added (i.e., $793,042,440).

47.    Defendants admit the document referred to in the first sentence of this paragraph was provided to the SEC during the SEC's investigation, which speaks for itself. Defendants deny the allegations in this paragraph to the extent the characterizations differ from the precise language in the document.

48.    Defendants deny the allegations in the first sentence of this paragraph. Defendants admit the allegations in the second sentence of this paragraph, but in further answering, state that there are other affiliated funds that made payments for services rendered by the Accounting Firms referenced in the second sentence.

49.    Defendants deny the allegations in the first two sentences of this paragraph. Defendants lack sufficient information or belief to respond to the allegations in the last sentence of this paragraph and therefore deny the allegations in the last sentence on that basis. In further answering, Defendants deny that Defendant has a Chief

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

Technology Officer and state that certain social media profiles are managed by third parties.

50. Defendants admit the allegations in this paragraph.

51. Defendants admit the allegations in this paragraph.

52. Defendants admit the existence of the Form ADVs referenced in this paragraph, which speak for themselves. Defendants deny the allegations in this paragraph to the extent the characterizations differ from the precise language in the Form ADVs referenced.

53. Defendants admit the existence of the Form ADVs referenced in this paragraph, which speak for themselves. Defendants deny the allegations in this paragraph to the extent the characterizations differ from the precise language in the Form ADVs referenced.

54. Defendants deny the allegations in the first sentence of this paragraph. Defendants lack sufficient information or belief to respond to the remaining allegations in this paragraph, and deny the remaining allegations on that basis.

55. Defendants lack sufficient information or belief to respond to the allegations in this paragraph, and deny the allegations on that basis.

56. Defendants lack sufficient information or belief to respond to the allegations in this paragraph, and deny the allegations on that basis.

57. Defendants admit the allegations in this paragraph.

58. Defendants deny the allegations in the first sentence of this paragraph. In further answering, the Hedge Fund Administrator provided services to Defendants' affiliate funds.

59. The allegations in this paragraph contain embedded legal conclusions to which no response is required. Stating further, Defendants lack sufficient information or belief to respond to the allegations in this paragraph, and deny the allegations on that basis.

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

60.     Defendants admit that Advisors send out monthly quantitative reports regarding investment performance, which speak for themselves. Defendants deny the allegations in the first sentence of this paragraph to the extent the characterizations differ from the precise statements in those quantitative reports. Defendants admit the allegations in the second sentence of this paragraph.

61.     Defendants deny the allegations in this Paragraph.

**C.      Defendants Received Approximately $12.5 Million**

62.     Defendants admit the allegations in this Paragraph.

63.     Defendants deny that $1.6 million was deposited "prior to the time that Hedonova Advisors was formed."

64.     Defendants admit the allegations in this paragraph.

65.     Defendants admit the allegations in this paragraph.

66.     Defendants admit that a client-related list was produced, among other documents. Further, the allegations in this paragraph refer to documents which speak for themselves, and therefore no response is required.  To the extent further response is deemed necessary, Defendants deny those allegations in this paragraph to the extent the characterizations differ from the precise statements appearing in the documents referenced. Stating further, the client list that appears to be referenced in this paragraph includes only U.S. investors.

67.     Defendants lacks sufficient information or belief to answer the allegations in this paragraph, and deny them on that basis. In further answering, to the extent there were transactions "from parties who were not included on the investor list described in paragraph 66," Hedonova receives funds from parties other than direct investors, including funds via "test transactions."

68.     Defendants lacks sufficient information or belief to answer the allegations in this paragraph, and deny them on that basis.

///

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

## II. Defendants Failed to Produce Evidence Corroborating Their Representations

69.     Defendants admit the SEC issued a subpoena to Hedonova LLC, dated September 28, 2023. Defendants deny the remaining allegations in the paragraph insofar as it characterizes the substance of the subpoena referenced, which speaks for itself. Defendants deny those allegations in this paragraph to the extent the characterizations differ from the precise language appearing in the subpoena referenced. Defendants further deny the remaining allegations in the paragraph as it pertains to the SEC's intent about what it was "seeking," and thus Defendants lack sufficient information or belief on that basis.

70.     The allegations in this paragraph that Hedonova Fund's subpoena production response is "incomplete" and lacking substantiation constitutes a legal conclusion to which no response is required; as such, Defendants deny the allegations for this reason. Defendants further deny the characterizations insofar as it pertains to the current status of continued collections and production, including as to the financials and documentation bearing on the relationships, as Hedonova continues to search for and supplement its production to the SEC on a rolling basis (which the SEC is aware of and now anticipates). Further, Defendants lack sufficient information or belief to respond to the allegations in the last sentence of this paragraph, and deny the allegations in the last sentence on that basis.

71.     The allegations in this paragraph that Hedonova Fund's subpoena response "failed to produce" certain documents as proof constitutes a legal conclusion to which no response is required; as such, Defendants deny the allegations for this reason. Defendants further deny the characterizations insofar as it pertains to the current status of continued collections and production, including as to the holdings, assets and ownership, as Hedonova continues to search for and supplement its production to the SEC on a rolling basis (which the SEC is aware of and now anticipates).

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

72.    Defendants admit the SEC issued another subpoena to Hedonova LLC, dated April 4, 2024, requesting the production of additional documents.  Defendants deny the remaining allegations in the paragraph insofar as it characterizes the substance of the subpoena referenced, which speaks for itself.  Defendants deny those allegations in this paragraph to the extent the characterizations differ from the precise language appearing in the subpoena referenced. Defendants also deny the allegations that no responsive subpoena documents have been produced, as supplementation continues.

73.    Defendants admit the SEC issued a subpoena to Hedonova Advisors LLC, dated May 2, 2024,  requesting the production of certain documents.  Defendants deny the remaining allegations in the paragraph insofar as it characterizes the substance of the subpoena referenced, which speaks for itself.  Defendants deny those allegations in this paragraph to the extent the characterizations differ from the precise language appearing in the subpoena referenced. Defendants also deny the allegations that no responsive subpoena documents have been produced, as supplementation continues.

74.    Defendants admit that the individuals initially proposed to testify remotely based on their location outside of the United States. Defendants further admit that the SEC has not taken the testimony of Bannerjee, Kumar, or Cavendish in response to the SEC subpoena, though it has now taken 30(b)(6) testimony remotely for both Hedonova LLC and Hedonova Advisors LLC as to all topics issued.  The remaining paragraph contains legal conclusions for which no response is required. To the extent further response is deemed necessary, Defendants deny the remaining allegations on this basis.

## FIRST CLAIM FOR RELIEF

**Fraud in the Connection with the Purchase and Sale of Securities**

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5**

**(Against Defendants Hedonova Fund and Hedonova Advisors)**

75.    Defendants re-allege and incorporate each and every response set forth above as if fully stated herein.

15    CASE No. 2:24-cv-05293-AB-E

76.     Defendants deny the allegations in this Paragraph.

77.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

78.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

79.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

## SECOND CLAIM FOR RELIEF

### Fraud in the Offer or Sale of Securities

### Violations of Section 17(a) of the Securities Act

### (Against Defendants Hedonova Fund and Hedonova Advisors)

80.     Defendants re-allege and incorporate each and every response set forth above as if fully stated herein.

81.     Defendants deny the allegations in this Paragraph.

82.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

83.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

84.     The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

///

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

## THIRD CLAIM FOR RELIEF

## Fraud by an Investment Advisor

## Violations of Section 206(4) of the Advisors Act and Rule 206(4)-8

## (Against Defendant Hedonova Advisors)

85. Defendants re-allege and incorporate each and every response set forth above as if fully stated herein.

86. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph

87. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

88. The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in this paragraph.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint and respectfully request that this Court deny all relief requested by Plaintiff in this lawsuit.

## JURY DEMAND

Defendants admit that, by virtue of the pleaded allegation in this paragraph, Plaintiff purports to demand a trial by jury in this action.

///

///

///

///

///

DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

25965585.1

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses to the Complaint. In asserting these affirmative defenses, Defendants do not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith at all material times and in conformity with all applicable federal statutes, including the Securities Act, Exchange Act, Advisers Act, and all applicable rules and regulations promulgated thereunder.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's requests for injunctive relief, or other remedies sought, is barred or inappropriate because, inter alia, there has been no violation of the Securities Act, Exchange Act, or Advisers Act, or otherwise a statutory exemption applies, because there is no reasonable likelihood that any violation will be repeated, and/or based on an assessment of the totality of circumstances. Plaintiff's injunctive relief claim is further barred because the adverse effects of any injunction far outweigh any benefit from an injunction.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's requests for injunctive relief under Prayer for Relief II and III is barred or inappropriate because Plaintiff is seeking to enjoin Defendants (and others) "from violating Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act," etc. Enjoining a party from violating the law is redundant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's requests for penalties is barred because any alleged violations were isolated and/or unintentional.

///

///

18    CASE NO. 2:24-CV-05293-AB-E

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged misconduct did not occur in connection with the offer or sale of a security by means of interstate commerce.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of Defendants' lack of culpable intent and/or state of mind.

## EIGHTH AFFIRMATIVE DEFENSE

Any amount sought to be recovered or disgorged is barred or inappropriate, in whole or in part, due to an off-set by virtue of the conduct of third parties responsible for the alleged damages, if any; and/or otherwise based on an assessment of the totality of the circumstances.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants at all times relied in good faith on advice of counsel and other professionals.

## TENTH AFFIRMATIVE DEFENSE

Defendants state that they do not presently know all facts concerning the conduct alleged by Plaintiff and its enumerated (or potential) causes of action sufficient to state all affirmative defenses at this time. Accordingly, Defendants reserve the right to assert additional affirmative defenses in the event that they later discover facts supporting such defenses.

## PRAYER

**WHEREFORE**, Defendants pray as follows:

1.     That Plaintiff take nothing by reason of the Complaint;

19                    CASE No. 2:24-cv-05293-AB-E

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

2.      For judgment in favor of Defendants and against Plaintiff on each of the causes of action enumerated in the Complaint against Defendants;

3.      That Defendants be awarded its costs of suit incurred in this action; and

4.      That Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: August 14, 2024                          **McGLINCHEY STAFFORD**


By: _/s/ Omomah I. Abebe_
        SANFORD P. SHATZ
        OMOMAH I. ABEBE
        BENJAMIN P. LAJOIE
Attorneys for *Defendants* Hedonova LLC and Hedonova Advisors LLC

**DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

25965585.1

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**   )
                          )   **ss.**
**COUNTY OF ORANGE**      )

I, Carol Rico, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18201 Von Karman Ave., Suite 350, Irvine, California 92612.

On August 14, 2024, I served the document(s) described as: **DEFENDANTS HEDONOVA LLC AND HEDONOVA ADVISORS LLC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** as follows:

☐   **BY MAIL**:  As follows:

    ☐   **FEDERAL** – I deposited such envelope in the U.S. mail at Irvine, California, with postage thereon fully prepaid.

☐   **BY EMAIL SERVICE as follows:**  By email or electronic transmission: Based on any agreement between the parties and/or as a courtesy, I sent the document(s) to the person(s) at the email address(es) listed on the service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's Electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF users set forth in the service list obtained from this Court. Pursuant to Electronic Filing Court Order, I hereby certify that the above documents(s) was uploaded to the website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☒   **FEDERAL:**  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made.

Executed on August 14, 2024, at Irvine, California.

_____
Carol Rico

25828624.1

**SERVICE LIST**
**USDC, Central District Case No. 2:24-cv-05293-AB-E**
**UNITED STATES SECURITIES AND EXCHANGE COMMISION**
**v.**
**HEDONOVA LLC, et al.**
**File # 110354.0001**

Alec Johnson
US SECURITIES
AND EXCHANGE COMMISSION
444 South Flower St., Suite 900
Los Angeles, CA 90071

Attorneys    for    *Plaintiff*    **UNITED STATES    SECURITIES    AND EXCHANGE COMMISSION**

Tel: (323) 443-3998
Fax: (213) 443-1904
Email: johnsonstu@sec.gov

BeLinda I. Mathie
*(Admitted Pro Hac Vice)*
US SECURITIES
AND EXCHANGE COMMISSION
175 West Jackson Blvd., Suite 1400
Chicago, IL 60604

Attorneys    for    *Plaintiff*    **UNITED STATES    SECURITIES    AND EXCHANGE COMMISSION**

Tel: (312) 596-6048
Email: mathieb@sec.gov

John E. Birkenheier
Lee Farnsworth
*(Admitted Pro Hac Vice)*
US SECURITIES
AND EXCHANGE COMMISSION
175 West Jackson Blvd., Suite 1450
Chicago, IL 60604

Attorneys    for    *Plaintiff*    **UNITED STATES    SECURITIES    AND EXCHANGE COMMISSION**

Tel: (312) 886-3947
Fax: (312) 353-7398
Email: birkenheierj@sec.gov
             farnsworthl@sec.gov

25828624.1